UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRYAN KEITH TEW**, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 21-cv-589 (TSC)<br>) |
| **KINGDOM OF SPAIN** *et al.*, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

Plaintiff Bryan Keith Tew, proceeding *pro se*, sued Defendants, the Kingdom of Spain ("Spain") and "Does 1-100 Exclusive," in February 2021 seeking relief under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.* for: personal injuries caused by hostage taking or torture (Count 1), personal injury caused by torture (Count 2), assault (Count 3), battery (Count 4), false imprisonment (Count 5), intentional infliction of emotional distress (Count 6), and loss of property (Count 7). Compl., ECF No. 1, at 42–56. For the following reasons, the court finds that the case cannot move forward.

Briefly, some background. After filing his Complaint pro se, Plaintiff moved for leave to proceed in forma pauperis on March 29, 2021. ECF No. 3. The court denied Plaintiff's motion without prejudice, finding that he adequately paid the $402 filing fee on March 5, 2021. 6/9/2021 Min. Order. On October 31, 2021, the court issued an order advising Plaintiff to comply with Local Civil Rules and the Federal Rules of Civil Procedure, particularly Rule 4 which "requires service upon each Defendant." ECF No. 6, at 1. Because Plaintiff had not yet attempted to serve Defendants, over eight months after the Complaint's filing, the court also

entered a Minute Order requiring Plaintiff to "show cause in writing no later than 11/15/21 why this action should not be dismissed for failure effectuate service process, *see* Fed. R. Civ. P. 4(j); 28 U.S.C. § 1608(a) and failure to prosecute, *see* Local Civil Rule 83.23."  10/31/21 Min. Order ("Show Cause Order").  On November 1, 2021, Plaintiff responded to the Show Cause Order, stating that Defendant Spain rejected service on the grounds that the Complaint and other legal documents were not in Spanish, and Plaintiff did "not possess the financial means to legally translate the [C]omplaint and other document into Spanish."  ECF No. 7, at 1.  Two years later, there has been no further action on the docket.

On October 31, 2023, the court issued an order, ECF No. 8, requiring Plaintiff to "file proof of service with the [c]ourt or a status report apprising the [c]ourt of his efforts to serve Defendants, consistent with 28 U.S.C. § 1608(a) and the law of this Circuit," *Gosain v. Republic of India*, No. 18-2427, 2019 WL 13128610, at *1 (D.D.C. Dec. 3, 2019), by November 30, 2023, or risk dismissal of the matter for "failure to prosecute or otherwise comply with a court order." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011).

To date, Plaintiff has not submitted proof of service or notified the court of additional efforts to serve Defendants.  Thus, Plaintiff has failed to comply with the court's October 31st order.  Given Plaintiff's silence and the matter's "lengthy period of inactivity," *Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012), it is hereby ORDERED that this case will be dismissed without prejudice for "failure to prosecute."  LCvR 83.23.  An Order will accompany this Opinion.

Date:  December 8, 2023

                                            *Tanya S. Chutkan*
                                            TANYA S. CHUTKAN
                                            United States District Judge